TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
thatfield@hatfieldlawassociates.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUMAN J. HEDDING, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>URS FEDERAL TECHNICAL SERVICES, INC.; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR WRONGFUL TERMINATION** |

COMES NOW, Plaintiff, DARRYL HOOPER (hereinafter, "Plaintiff" or "Mr. Hooper"), by and through his counsel, the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendants as follows:

## PARTIES

1. At all times relevant hereto, Plaintiff, residing in Las Vegas, Clark County, Nevada, was an individual residing in the State of Nevada and was employed by, Defendant captioned above (hereinafter "Defendant").

2. Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq., and applicable case law.

///

1

3. Upon information and belief, at all times relevant hereto, Defendant is and was a domestic corporation or similar business entity organized and existing under the laws of the State of Nevada and which regularly conducted business in Nevada. It is a federal contractor.

4. Defendant regularly employs fifteen or more persons.

5. The true names or capacities, whether individual, corporate, association or otherwise, of Defendants DOES I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated herein as a DOE and a ROE CORPORATION are responsible in some manner for the events and happenings referred to and caused damages proximately to the Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend its Complaint to insert the true names and capacities of DOES I through X, and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendants in this action.

**JURISDICTION AND VENUE**

6. The Defendant is now and was at all times mentioned herein an "employer" of the Plaintiff within the definition of Title I and V or the American's with Disabilities Act of 1990, and amendments thereto, and 42 U.S.C. Section(s) 1201 et seq.; the Rehabilitation Act of 1973, and amendments thereto, and 29 U.S.C. Section 701, et seq.; and laws of the State of Nevada.

7. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

8. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, and Defendant resides and/or regularly conducts business and where all the wrongful conduct occurred.

### **ADMINISTRATIVE PREREQUISITES**

9. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

10. Plaintiff was terminated from his employment on or about May 13, 2014, and Plaintiff thereafter timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission [hereinafter "EEOC"].

11. Plaintiff promptly and diligently accommodated all EEOC requests for information and fully cooperated in the agency's investigation of this matter;

12. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff received a Right to Sue from the EEOC on or about June 12, 2015. This action is therefore timely.

13. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

### **FACTUAL ALLEGATIONS**

14. Plaintiff is over the age of 40 years, and is a qualified individual with a disability within the meaning of the American's with Disabilities Act of 1990, and amendments thereto, and 42 U.S.C. Section 1201 et seq., the Rehabilitation Act of 1973, and amendments thereto, and 26 U.S.C. Section 701 et seq., and 29 U.S.C. Section 2601 et seq.

///

///

15. Plaintiff was hired by Defendant as a pilot in October, 2011. Upon information and belief and at all relevant times, Defendant employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks from 2011 to the present time, and was further engaged in an industry directly affecting interstate commerce.

16. At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Plaintiff's employment were governed and controlled by Defendant.

17. Upon information and belief and at all relevant times, certain individuals were acting as supervisors, agents, servants and/or employees of Defendant. Defendant is therefore liable for the acts and omissions of these individuals pursuant to the principals of ratification, respondeat superior and actual and/or implied agency.

18. At all relevant times, Plaintiff fully, adequately and completely performed all of the functions, duties and responsibilities of his employment with Defendant until he was terminated.

19. During the course of his employment, Plaintiff informed Defendant of his disability status, which is service-related. Plaintiff is a retired military pilot and officer and disabled veteran. He requested accommodation, which was ignored by Defendant without notice or opportunity for engagement in an interactive process for accommodation for his disability.

20. Plaintiff was demeaned, remonstrated and disciplined for ostensibly being late for flights, yet other pilots that were late that were younger and without disability were not so demeaned, remonstrated and disciplined.

21. In addition, Plaintiff was demeaned for his age which was 61 at the time he was terminated. Plaintiff was accused of being too old to fly, and he was told that his age was a "500 pound gorilla in the room" issue and was the reason why he was being hounded and placed under scrutiny by his supervisors and superiors, and was the reason why he was being passed over for promotion.

22. Plaintiff was known by Defendant to be vocal and active regarding safety in the workplace and to be pro-union.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Wrongful Termination Under the ADA

23. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

24. Defendant refused to provide Plaintiff with reasonable accommodation for his disability, although Plaintiff was capable of performing his duties.

25. Defendant continually, intentionally, and in a discriminatory manner refused to engage in the interactive process and accommodate Plaintiff in his position because of his disability.

26. Defendant's termination of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff.  Defendants terminated Plaintiff without just cause and because of his disability.

27. Such adverse employment action by Defendant is in violation of the ADA.

28. Following Defendant's termination of Plaintiff, based upon information and belief, Plaintiff was replaced by a non-disabled individual.

29. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

30. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

31. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## SECOND CAUSE OF ACTION

### (Tortious Discharge)

32. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

33. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to gender and age related and motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified tolerated by their employer. Furthermore, the reason for which Plaintiff was terminated violates sound public policy which mandates employers and for companies such as Defendant to operate in a legal and fair manner.

34. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to them as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

35. Plaintiffs should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

36. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiffs to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiffs are entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## THIRD CAUSE OF ACTION

**(Age Discrimination in Violation of 29 U.S.C. § 623)**

37. Plaintiff incorporateS by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

38. Defendant's conduct as detailed herein, was in fact illegal. Plaintiffs were subjected to age motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified tolerated by her employer.

39. 29 U.S.C. § 623 makes it unlawful for an employer to discriminate against any employee because of their age.

40. Defendant singled out Plaintiff for termination due to his age, which was over 40 at the time of termination.

41. Plaintiff is informed and believes that other individuals, not in their protected class, were treated better than him, and promoted and allowed to maintain employment despite being late for scheduled flights because they were younger than him. Plaintiff's successor is believed to be younger than him.

42. As a direct and proximate result of Defendant's violation of 29 U.S.C. § 623, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, he seeks all legal and equitable remedies available at law.

## FOURTH CAUSE OF ACTION

**Violation of Nevada Statutory Protections**

43. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

///

44.     NRS § 613.330 makes it unlawful for an employer to discriminate against any employee because of their disability, age, national origin or sex.  Defendant's conduct as detailed herein, was in fact illegal.  Plaintiff was subjected to disability and age related and motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified tolerated by their employer and Plaintiff was discriminated against due to his disability and age.

45.     As a direct and proximate result of Defendant's violation of N.R.S. § 613.330, Plaintiff suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, Plaintiff seeks all legal and equitable remedies available at law.

46.     Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

## REQUEST AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and damages against Defendants as follows:

1. Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, benefits and reinstatement to a position Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay;

2. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

3. An award to Plaintiff for general damages within this Court's jurisdiction subject to proof;

4. An award to Plaintiff for exemplary and/or punitive damages.

5. An award to Plaintiff for reasonable attorney's fees and costs, including but not limited to expert witness fees, and as provided under state law;

6. An award to Plaintiff of interest on any awards at the highest rate allowed by law; and

7. Such other and further relief as this Court deems just and appropriate.

Dated this 10th day of September, 2015.          **HATFIELD & ASSOCIATES, LTD.**

By:  /s/ *Trevor J. Hatfield*

Trevor J. Hatfield, Esq. (SBN 7373)
703    South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
   *Attorney for Plaintiff*